**KELLEY DRYE & WARREN LLP**
A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**
**NEW YORK, NY 10178**

(212) 808-7800

WASHINGTON, DC
LOS ANGELES, CA
HOUSTON, TX
AUSTIN, TX
CHICAGO, IL
PARSIPPANY, NJ
STAMFORD, CT
BRUSSELS, BELGIUM

AFFILIATE OFFICE
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

GEOFFREY W. CASTELLO
EMAIL:gcastello@kelleydrye.com

September 27, 2019

**VIA ECF**

Hon. Ronnie Abrams, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 1007

Re: *Vanderwerff v. Quincy Bioscience Holding Co., Inc., et al.*
Case No. 1:19-cv-07582-RA

*Karathanos v. Quincy Bioscience Holding Co., Inc., et al.*
Case No. 1:19-cv-08023-RA

Your Honor:

We represent Defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience LLC, Prevagen, Inc. d/b/a Sugar River Supplements, Quincy Bioscience Manufacturing, LLC, Mark Underwood, and Michael Beaman (collectively, "Defendants") in the above-referenced actions. We write jointly with common counsel for Plaintiffs James Vanderwerff and John Karathanos to update this Court as to the status of both actions. Counsel for plaintiff in a related proposed class action currently pending before Judge Stanton, captioned *Spath v. Quincy Bioscience Holding Company, Inc.*, et al., No. 1:19-cv-03521-LLS (S.D.N.Y.), has also reviewed and joins this letter. All three of these proposed class actions challenge Defendants' marketing and sales practices of Prevagen®, a dietary supplement intended to improve cognitive impairment caused by the normal process of aging.

The three cases recognize that Defendants marketed Prevagen based in part on the results of a randomized, double-blinded clinical trial called the "Madison Memory Study." Defendants contend that a sub-group of adults who entered the trial with normal cognitive function or no more than mildly affected cognition showed statistically significant improvements in several tasks related to memory, compared to study participants with the same level of cognition who took a placebo. Plaintiffs contend that (1) Defendants' marketing of Prevagen misstated or overstated

the results of the Madison Memory Study, and further allege that it did not show statistically significant improvement among the entire study population (including those with more severe cognitive impairment); and (2) Prevagen cannot work as advertised because, among other reasons, its active ingredient is broken down during digestion and therefore cannot impact the brain. Defendants dispute both contentions.

**1. *Vanderwerff* and *Karathanos* Status**

Both the *Vanderwerff* and the *Karathanos* Actions have fully briefed motions to dismiss that were filed in the transferor courts (D.N.J. and E.D.N.Y., respectively). Oral argument has not yet been held on either of the motions. In the *Karathanos* Action, the transferor court (Senior Judge Spatt) stayed discovery pending the outcome of the motion to dismiss. In the *Vanderwerff* Action, the transferor court (Judge Salas and Magistrate Judge Hammer) declined to stay discovery, 2018 WL 6243040 (D.N.J. Nov. 28, 2018), and the parties have exchanged and responded to initial written discovery requests. No depositions have occurred in either case.

**2. Related Litigation**

*Vanderwerff* and *Karathanos* are substantially identical to *Spath*, except that *Vanderwerff* and *Karathanos* name two Quincy Bioscience officers (Underwood and Beaman) as additional defendants, while *Spath* does not. In addition, the class action complaints in *Vanderwerff* and *Karathanos* assert civil racketeering claims, whereas *Spath* does not. Messrs. Underwood and Beaman have both moved for dismissal, separate from the corporate defendants' motions, for lack of *in personam* jurisdiction against them, and preserved their jurisdictional objections while consenting to the transfer of *Vanderwerff* and *Karathanos* to this Court.

Separate from the three cases now pending in this District, there are four other related proposed class actions that have been filed against Quincy. Three of those actions are pending in other federal district courts. Those class actions are captioned: *Racies v. Quincy Bioscience, LLC*, No. 4:15-cv-00292-HSG (N.D. Cal.); *Engert v. Quincy Bioscience, LLC*, No. 1:19-cv-00183-LY (W.D. Tex.); and *Collins v. Quincy Bioscience, LLC*, No. 1:19-cv-22864 (S.D. Fla.). The *Collins* and *Engert* actions are the newest-filed actions. Motions to dismiss were filed in both of those cases. After Quincy filed a motion to dismiss the *Collins* action, the plaintiffs amended the complaint. Quincy filed a motion to dismiss that Amended Complaint on September 25, 2019. In addition, the plaintiffs in the Collins action prematurely filed a motion for class certification prior to the parties exchanging any discovery responses. The parties are working on a briefing and discovery schedule to address that motion. Quincy's motion to dismiss the *Engert* action is fully briefed (but not argued). The fourth action was filed in Missouri state court and is captioned *Miloro v. Quincy Bioscience, LLC*, No. 16PH-CV01341 (Mo. Cir. Ct.). Defendants have yet to respond to the Complaint in that action.

*Racies* is the most procedurally advanced of all the cases. In March 2017, Defendants filed a motion with the federal MDL Panel seeking to bring all of the then existing actions into an MDL. The MDL Panel denied that motion in May 2017.[1] The *Racies* court (Judge Gilliam in the Northern District of California) has certified a class of California consumers of Prevagen, 2017 WL 6418910 (N.D. Cal. Dec. 15, 2017), the Ninth Circuit Court of Appeals declined to hear a Rule 23(f) petition, and notice has been disseminated to class members. The case currently is set for trial in Oakland, California, beginning on January 6, 2020. Judge Gilliam has issued several rulings in that case: 2015 WL 2398268 (N.D. Cal. May 19, 2015) (motion to dismiss); 2016 WL 5746307 (N.D. Cal. Sept. 30, 2016) (summary judgment motions); and 2016 WL 5725079 (N.D. Cal. Sept. 30, 2016) (Daubert motions). The plaintiff in Racies is pursuing a theory of liability that differs in some respects from the plaintiffs in *Vanderwerff*, *Karathanos*, and *Spath*.

In addition to the pending class actions, there is also a government enforcement action pending in this District against Defendants, with the exception of Mr. Beaman, filed by the Federal Trade Commission ("FTC") and the New York Attorney General ("NYAG"). The FTC/NYAG Action is currently pending before Judge Stanton and is captioned *Federal Trade Comm'n v. Quincy Bioscience Holding Co, Inc.*, No. 1:17-cv-00124-LLS (S.D.N.Y.). Judge Stanton granted Defendants' motion to dismiss the FTC/NYAG Action, but that decision was recently reversed on appeal. *See FTC v. Quincy Bioscience Holding Co.*, 272 F. Supp. 3d 547 (S.D.N.Y. 2017), *rev'd*, 753 Fed. App'x 87 (2d Cir. 2019); *see also* 2019 WL 3369585 (S.D.N.Y. July 24, 2019) (subsequent ruling on motions to dismiss). On August 19, 2019, Defendants filed an Answer to the Complaint and, on September 16, 2019, the FTC filed a motion to strike certain of Defendants' affirmative defenses. Thus, despite the FTC/NYAG Action being filed in 2017, the discovery period in that case has only just begun. In its May 2017 decision, the MDL Panel urged the parties and counsel to cooperate and coordinate discovery between and among the various cases. 283 F. Supp. 3d at 1380.

**3. The Parties' Settlement Discussions**

In October 2018, counsel for plaintiffs in all of the then-pending class action cases (*i.e.*, not *Collins* or *Engert*) engaged in advanced settlement discussions, aided by the Hon. Wayne Andersen (Ret.) of the Judicial Arbitration and Mediation Service ("JAMS") in Chicago. We came close to, but did not ultimately achieve, agreement on a global resolution of all of the then-pending class actions. The parties in the *Vanderwerff*, *Karathanos*, and *Spath* matters, however, have continued to discuss a potential resolution of those actions, which in turn would address the remaining class actions. Those discussions have been productive and counsel for the parties in

---

[1] *See In re Prevagen Prods. Mktg. & Sales Pracs. Litig.*, 283 F. Supp. 1379 (J.P.M.L. 2017) (observing that the "advances status of the *Racies* action") weighed against centralization of cases that were then pending in this District, the Northern District of California, District of New Jersey and the Eastern District of New York).

those actions ultimately believed that the best way forward was to transfer those three cases to the same jurisdiction where the FTC/NYAG Action was pending to facilitate finalization of a potential resolution. The *Spath* case was transferred first, and Judge Stanton accepted *Spath* as being related to the FTC/NYAG Action. When plaintiffs in *Vanderwerff* and *Karathanos* voluntarily transferred their cases, however, Judge Stanton did not accept them, and those cases were assigned to Your Honor.

Counsel for the parties in *Spath* met with Judge Stanton on August 30, 2019, and explained substantially the same facts that are described in this letter. Judge Stanton authorized us to advise Your Honor that he is willing to transfer *Spath* if Your Honor is willing to accept it, but made clear to the parties that the decision rests with Your Honor alone. Indeed, even in the event a settlement does not immediately come together, all parties in the *Vanderwerff*, *Karathanos* and *Spath* Actions desire that the three cases be presided over by the same judge so that the litigation of these cases can be coordinated.

**4. The Parties' Proposed Next Steps**

Defendants and the plaintiffs in *Vanderwerff*, *Karathanos*, and *Spath*, have agreed in principle to a nationwide class settlement, although either side can withdraw from that agreement if the FTC does not approve of it. The parties request that they be given an opportunity to continue, and hopefully to conclude successfully, the necessary settlement discussions.

The parties collectively request that the Court (1) accept the *Spath* case, and then (2) stay all three class actions until December 6, 2019 to give the parties time to continue their attempts at resolving these matters.

We recognize that this letter contains a great deal of information about which Your Honor likely will have questions. To that end, if Your Honor accepts *Spath*, counsel for all parties in the *Spath*, *Vanderwerff*, and *Karathanos* Actions respectfully request a status conference at Your Honor's convenience.

Respectfully submitted,

*/s/ Geoffrey W. Castello*

Geoffrey W. Castello

cc: All counsel of record (via ECF)